1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

16

17

| | |
|---|---|
| FILIP WEINTRAUB,<br><br>                  Petitioner,<br><br>and<br><br>LEAH M. WAITE,<br><br>                  Respondent. | CASE NO. C13-6003RJB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR SUMMARY JUDGMENT |

18

19

20

21

     This matter comes before the court on Petitioner's Motion for Summary Judgment (Dkt. 11). The court is familiar with the records and files herein and documents filed in support of and in opposition to the motion. For the reasons stated below, the motion should be granted in part and denied in part.

22

23

24

     Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is

1  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

2  showing on an essential element of a claim in the case on which the nonmoving party has the

3  burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

4  of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

5  for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

6  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

7  metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

8  material fact exists if there is sufficient evidence supporting the claimed factual dispute,

9  requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

10  *Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

11  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

12      The determination of the existence of a material fact is often a close question.  The court

13  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

14  e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect.*

15  *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

16  of the nonmoving party only when the facts specifically attested by that party contradict facts

17  specifically attested by the moving party.  The nonmoving party may not merely state that it will

18  discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

19  to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

20  Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

21  be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

22

23

24

ORDER GRANTING IN PART AND DENYING IN
PART PETITIONER'S MOTION FOR SUMMARY
JUDGMENT- 2

1                                       DISCUSSION

2          The records herein clearly show that the subject children of the parties were retained in

3    the United States after a vacation trip from Sweden on August 3, 2013, when their return to

4    Sweden was planned.

5          It appears clear from the record that immediately prior to the retention of the children in

6    the United States, the children were habitual residents of Sweden, where their family home had

7    been established with their mother and father.

8          The retention of the children in the United States breached the rights of custody of the

9    petitioner under the law of Sweden.

10         The petitioner was exercising parental rights at the time of the retention of the children in

11   the United States.  While there is some dispute about the quality of his exercise of parental

12   rights, there is no material issue of fact as to whether he was exercising parental rights in Sweden

13   and during their visit to the United States prior to August 3, 2013.

14         Accordingly, under the Hague Convention on the Civil Aspects of International Child

15   Abduction, and under the International Child Abduction Remedies Act, 42 U.S.C. § 11601-

16   11610, the children are wrongfully retained in the United States; provided however, that

17   notwithstanding such wrongful retention of the children, a material issue of fact remains as to

18   whether there is a grave risk that the childrens' return that would expose them to the physical or

19   psychological harm, or otherwise place the child in an intolerable situation, under the Hague

20   Convention Article 13(b), if they are ordered returned to Sweden.  The question of whether

21   respondent's proof reaches the clear and convincing standard can best be resolved at hearing.

22         Another question remains as to whether the children would be at grave risk if they

23   returned to Sweden in the company of their mother.

24

ORDER GRANTING IN PART AND DENYING IN
PART PETITIONER'S MOTION FOR SUMMARY
JUDGMENT- 3

1    The hearing set for the December 19, 2013, should be limited to the issue of whether the

2 return of the children to Sweden would present such a grave risk to them.

3    To the foregoing extent, the petitioner's Motion for Summary Judgment should be

4 GRANTED IN PART and DENIED IN PART.

5    IT IS SO ORDERED.

6    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

7 to any party appearing *pro se* at said party's last known address.

8    Dated this 16th day of December, 2013.

9

10

ROBERT J. BRYAN
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART AND DENYING IN
PART PETITIONER'S MOTION FOR SUMMARY
JUDGMENT- 4